IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 APR -9 P 12:55

CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-074 |
| | ) | |
| | ) | |
| GARY SHANE CHILDERS | ) | |

## O R D E R

Defendant Gary Shane Childers ("Childers") has filed a motion to dismiss the indictment, claiming a violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The motion was filed on March 5, 2007. The United States Government filed its opposition on March 14, 2007, in which it provides this Court with additional information for consideration. Because the Court finds no violation of Childers' rights under the Act, the motion to dismiss is **DENIED**.

On April 12, 2006, a grand jury initially indicted Childers (and his co-defendant, James Lester Kimbrell III) on one count of Conspiracy to Manufacture Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of Possession of a List I Chemical with Intent to Manufacture a Controlled Substance, in violation of 21 U.S.C. § 841(c)(2). On June 6, 2007, the Government filed a superceding indictment, adding a firearms related charge against Childers'

co-defendant. The Defendants were arraigned on this superceding indictment on June 20, 2006. This is the date upon which the Speedy Trial clock began to run. See United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994) ("[F]iling a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment."); United States v. Goodman, 36 F. Supp. 2d 947 (M.D. Ga. 1999). Thus, to be timely, a trial in the case must have started within seventy days of June 20, 2006. See 18 U.S.C. § 3161(c)(1). However, days which are excludable under the Speedy Trial Act are not counted against this seventy-day limit.

At the time of the June 20th arraignment, Defendants' motion to suppress was pending.[1] This motion was denied on November 8, 2006, the date upon which this Court adopted the Report and Recommendation of the United States Magistrate Judge to deny the motion. Thus, the time between June 20 and November 8, 2006, is excludable under 18 U.S.C. § 3161(h)(1)(F).

On August 14, 2006, Defendant Kimbrell signed a plea agreement, which was submitted to the Court. This plea agreement was under the Court's advisement from August 14,

---

[1] Defendants' motion to suppress was filed on May 15, 2006.

2

2006, to January 12, 2007, the date upon which the Government filed a motion to continue Defendant Kimbrell's Rule 11 hearing scheduled for January 16, 2007. In this motion, the Government notified the Court that it had withdrawn its plea offer to Kimbrell. On January 18, 2007, the continuance was granted by Order of the Court, pursuant to 18 U.S.C. § 3161(h)(8)(A), for a period not to exceed thirty days. (See Gov't Motion to Continue, Doc. No. 44 (stating that "[c]ounsel for the Defendant is in concurrence with this motion to continue the plea hearing for a period of time not to exceed 30 days").) This thirty-day period ended on February 17, 2007. Thus, the time from August 14, 2006, to February 17, 2007, is excludable under 18 U.S.C. §§ 3161(h)(1)(I)-(J), (h)(7), and (h)(8).[2]

---

[2] Of note, the Government has informed the Court that on December 27, 2006, a plea agreement was mailed to Defendant Childers' attorney upon his request. On January 12, 2007, the Government received correspondence from Childers' attorney concerning the plea offer. Childers signed a proffer letter and was interviewed by a government agent on January 16, 2007. On January 23, 2007, Childers provided letters to the Government related to information about his co-defendant, and on January 26, 2007, the Government forwarded a new plea agreement to Childers' attorney. This new plea agreement has not been signed and is therefore not under this Court's advisement. Thus, this time is not excludable under 18 U.S.C. § 3161(h)(1)(I). Yet, the time within which Childers has been negotiating a guilty plea certainly mitigates against a finding that any delay in the trial of this case is constitutionally unreasonable.

Upon the foregoing, the time from the day of arraignment on June 20, 2006, until February 17, 2007, is excluded for purposes of the Speedy Trial Act.[3] Defendant Childers filed the instant motion to dismiss on March 5, 2007, and the Speedy Trial Act clock has again been stopped. Thus, the only time that has counted toward the seventy-day deadline is the sixteen (16) days between February 17 and March 5, 2007. Thus, the Speedy Trial Act has not been violated.

Further, upon weighing the factors in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972), this Court finds that the delay in the trial of this case has not violated the Sixth Amendment.

Accordingly, Defendant Childers' motion to dismiss is **DENIED**. Further, because present circumstances do not permit me to conduct the trial of the case, it is hereby **ORDERED** that this case is assigned to the Honorable William T. Moore, Jr., Chief Judge of this District, for further reassignment or plenary disposition as the Chief Judge may deem appropriate.

**SO ORDERED** this 9th day of April, 2007, at Augusta, Georgia.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[3] Generally, anything which stops the clock for purposes of the Speedy Trial Act for one defendant also stops the clock for the same period as to all co-defendants. <u>United States v. Mejia</u>, 82 F.3d 1032, 1035 (11th Cir. 1996); <u>United States v. Burke</u>, 673 F. Supp. 1574 (N.D. Ga. 1986).

4

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA    *

       vs.    *    CASE NO. 1:06-cr-74

GARY SHANE CHILDERS    *

             *

             *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order dated 4/9/07, which is part of the official records of this case.

Date of Mailing: 4/9/07
Date of Certificate: 4/9/07

SCOTT L. POFF, CLERK

By: _____

NAME:
1. Gary Shane Childers
2. Chuck Pardue
3. Chief Judge Moore
4. Michael Garrett, CRDC
5. 
6. 
7. 

Cert/Copy
- ☐ ☒ District Judge
- ☐ ☐ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☒ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds